UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Broadcast Music, Inc., et al.


    v.                                              Civil No. 18-cv-1166-AJ

PRRM Management Co., LLC,
d/b/a Jewel Nightclub;
John M. Crosson


**REPORT AND RECOMMENDATION**


    Plaintiffs, holders of legal rights in copyrighted musical compositions, filed this copyright infringement action against the owner and operator of a Manchester, New Hampshire club, alleging that the club used the copyrighted material without a license or permission.  See 17 U.S.C. § 101 et seq. ("the Copyright Act").  The defendants have defaulted.  Doc. No. 17.  Plaintiffs' unopposed motion for default judgment (Doc. No. 19) is before the undersigned magistrate judge for a report and recommendation.  See Fed. R. Civ. P. 55(b)(2).  For the reasons that follow, the district judge should grant plaintiffs' motion.

## I. Standard of Review

After default is entered and when, as here, the amount at issue is not a sum certain, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2); see also KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 18-19 (1st Cir. 2003). "Although a defaulting party admits the factual basis of the claims asserted against it, the defaulting party does not admit the legal sufficiency of those claims." 10 James Wm. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013). Before entering default judgment, the court must determine whether "[t]he claimant [has] state[d] a legally valid claim for relief." Id.; see also Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002).

## II. Background

By virtue of their default, defendants have admitted the following facts, as set forth in the complaint. Doc. No. 1. Plaintiff Broadcast Music, Inc. ("BMI") has been granted the right to license the public performance rights in millions of copyrighted musical compositions, including those at issue in this case. The remaining plaintiffs are the owners of the copyrighted music in this matter. Defendant PRRM Management, LLC ("PPRM"), operates, maintains and controls the Jewel

2

Nightclub ("Jewel") in Manchester, New Hampshire.  In operating Jewel, PRRM publicly performs musical compositions and/or causes musical compositions to be publicly performed.  Defendant John M. Crosson, a PRRM manager, is responsible for Jewel and PRRM's operation and management.[1]

Beginning in March 2017, BMI contacted PRRM over thirty times, by phone, mail and email, with respect to the necessity of purchasing a license for the public performance of musical compositions BMI licensed. BMI's correspondence included cease and desist notices, warning PRRM that it must immediately cease all use of BMI-licensed music in Jewel.  Plaintiffs assert four claims of willful copyright infringement, based upon PRRM's unauthorized public performance of BMI-licensed music during April 2018.[2]

### III.  Discussion

A.  Infringement

Under the Copyright Act, copyright owners possess the exclusive rights to authorize public performance of their musical compositions.  The violation of this right constitutes

---

[1] For ease of reference, the defendants are referred to collectively as "PRRM."

[2] BMI retained an investigator who recorded the music played at Jewel in April 2018.

infringement. 17 U.S.C. §§ 106, 501(a). The owners of a copyright may protect their interest by bringing a private action for infringement occurring while they are the owner of the copyright. Id. at § 501(b). Copyright owners may seek an injunction against future infringement, statutory damages, costs, and attorney fees. Id. at §§ 502, 504(c), 505.

To establish a case of copyright infringement based on a public performance "a plaintiff must demonstrate (1) originality and authorship of the work involved; (2) compliance with all formalities required to secure a copyright under the Act; (3) plaintiff's ownership of the copyright in question; (4) public performance of the work; and (5) lack of authorization for the performer to perform the work." Broad. Music, Inc. v. Rindge Land Corp., No. Civ. 93-460-JD, 1995 WL 136940, at *4 (D.N.H. March 27, 1995). Given the admissions inherent in defendants' default, the court finds that the plaintiffs have successfully established their infringement claims.

B. Remedies

Plaintiffs seek an injunction against future infringements, statutory damages, costs and attorneys' fees. The court addresses these remedies in turn.

1. Injunction

The Copyright Act allows the court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). In copyright actions "'[c]ourts generally grant permanent injunctions where liability is clear and there is a continuing threat to the copyright.'" BMG Music v. Marsters, 616 F. Supp. 2d 151, 155 (D. Me. 2009) (quoting Universal City Studios Prods. v. Bigwood, 441 F. Supp. 2d 185, 192 (D. Me. 2006)). The court has already found PRRM liable for infringement. And, as previously noted, BMI warned PRRM that it required a license and permission to play the copyrighted music nearly forty times between April 2017 and January 2018, to no avail. Moreover, in an affidavit submitted in support of the instant motion, plaintiffs assert, on information and belief, that PRRM is continuing to perform BMI-licensed music without authorization. Mullaney Aff. (Doc. No. 19-3) ¶ 16. In light of these uncontroverted facts, the court has little difficulty concluding that there is a continuing threat to the copyright. The court therefore recommends that the district judge issue a permanent injunction against the defendants enjoining their use of BMI-licensed compositions.

### 2. Statutory Damages

The Copyright Act allows a copyright owner "to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $750 or more than $30,000 . . . ."  17 U.S.C. § 504(c)(1).  Among the factors the court can consider are "(1) expenses saved and profits reaped by the defendant, (2) revenues lost by the plaintiffs, (3) the deterrent value of the award, and (4) whether the infringement was willful or innocent."  Polygram Int'l Publ'g, Inc. v. Nevada/TIG, Inc., 855 F. Supp. 1314, 1335 (D. Mass. 1994).

Plaintiffs request $4,000 for each of the four infringements, totaling $16,000.  The plaintiffs estimated that PRRM would have paid $11,376.00 in licensing fees between April 2017 and April 2018.  Mullaney Aff. (Doc. No. 19-3) ¶ 16.  The current annual license fee is slightly less than $4,000. Id. Given this evidence of plaintiffs' lost revenue and PRRM's expenses avoided, the court finds plaintiffs' request appropriate.  PRRM's failure to respond either to BMI's entreaties or this lawsuit provides additional support for such an award.  The district court should award plaintiffs $16,000 in statutory damages, as requested.

3.  Costs and Attorneys' Fees

The Copyright Act provides that the court "in its discretion may allow the recovery of full costs by or against any party other than the United States . . . [and] reasonable attorney's fees to the prevailing party as part of the costs." 17 U.S.C. § 505.  Here, such costs are warranted because plaintiffs "would not have had to bring this action but for [PRRM]'s deliberate refusal to obtain proper licensing." Merrill v. Cty. Stores, Inc., 669 F. Supp. 1164, 1172 (D.N.H. 1987).

Plaintiffs' attorney's affidavit, supported by billing records, represents that he and his firm have incurred $2,702.50 in fees,[3] an additional $175 anticipated to be billed in this action, and expenses totaling $501. Plaintiff therefore seeks a total of $3,378.50 in costs and fees.  Sullivan Aff. (Doc. No. 19-8).  "In determining the amount of fees that should be awarded the court will consider, among other things, counsel's time and labor, the complexity of the case, the amount recovered, and the reasonableness of the time spent by counsel." Sailor Music v. Mai Kai of Concord, Inc., 640 F. Supp. 629, 636. (D.N.H. 1986).  Defendants have not objected to the reasonableness of the fees and costs, and considering the

---

[3] This fee total represents a modest (and reasonable) nine hours of work.

7

factors listed above, the court finds that the requested amounts are reasonable. Therefore, the district judge should grant plaintiffs' request for costs and attorney's fees in the amount of $3,378.

## IV. Conclusion

For the reasons set forth herein, the district judge should grant plaintiffs' motion for default judgment (Doc. No. 19) as follows: 1) plaintiffs shall recover from defendants PRRM Management, LLC and John M. Crosson, jointly and severally, statutory damages in the amount of $16,000.00, plus interest pursuant to 28 U.S.C. § 1961; 2) plaintiffs shall recover from defendants PRRM Management, LLC and John M. Crosson, jointly and severally, full costs in this action, including reasonable attorney's fees in the amount of $3,378.50; and 3) defendants PRRM Management, LLC and John M. Crosson and their agents, servants, employees and all persons acting under their permission or authority shall be permanently enjoined and restrained from infringing the copyrighted musical compositions licensed by Broadcast Music, Inc.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified

time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 17, 2019

cc: counsel of record